DAVIS, Judge.
Steven Swindel challenges the circuit court order revoking his probation and sentencing him to twenty-five years’ imprisonment for each of three offenses. We affirm the revocation of Swindel’s proba *217 tion and the sentences imposed on the burglary and robbery counts without comment. However, we vacate Swindel’s sentence as to the false imprisonment charge and remand for resentencing on that count.
Swindel pleaded guilty to armed burglary of a dwelling (count I), armed robbery with a deadly weapon (count II), false imprisonment (count III), and grand theft (count IV). As part of the plea agreement, Swindel was sentenced to nine years’ prison on counts I and II and to five years’ prison on counts III and IV concurrent with counts I and II. Consecutive to the incarceration, Swindel was also to serve five years’ probation on each count, the terms to be served concurrently. After serving the incarcerative portion of his sentence, the State alleged that Swindel violated his probation by committing two new law offenses. Upon finding that Swindel had violated his probation, the trial court sentenced him to three concurrent terms of twenty-five years’ imprisonment on counts I, II, and III.
The twenty-five year sentence for the third-degree felony of false imprisonment exceeds the statutory maximum. See § 775.082, Fla. Stat. (1991). Accordingly, we vacate Swindel’s sentence as to the false imprisonment count only and remand for resentencing on that count.
Affirmed in part, reversed in part, and remanded for resentencing.
BLUE, C.J., and SALCINES, J., Concur.